JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
ANDREW S. COGHLAN (CA Bar No. 313332)
Andrew.Coghlan@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C. 20004
Telephone (202) 514-9275
Facsimile (202) 514-8865

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 4:18-cv-01604-YGR<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

The United States Environmental Protection Agency ("EPA"), E. Scott Pruitt, in his official capacity as EPA Administrator, and Alexis Strauss, in her official capacity as Acting Regional Administrator for EPA, Region IX (collectively, "Defendants"), respond to the numbered allegations of the Complaint for Declaratory and Injunctive Relief (the "Complaint") (Dkt. No. 1) filed by Plaintiff Association of Irritated Residents ("Plaintiff") as follows:

## INTRODUCTION

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of this action, to which no response is required.

2. The allegations in first sentence of Paragraph 2 characterize the unspecified effects of an undefined exposure to unspecified quantities of ozone over an indeterminate time period among an undefined population; on that basis, Defendants deny the allegations. The allegations in the second sentence of Paragraph 2 characterize the findings of the American Lung Association's State of the Air 2017 report, which speaks for itself and is the best evidence of its contents.

3. The allegations in Paragraph 3 characterize the contents of *Final Rule,* 73 Fed. Reg. 16436 (March 27, 2008), which speaks for itself and is the best evidence of its contents.

4. Defendants admit that EPA has designated and classified the San Joaquin Valley area as an extreme nonattainment area for the 2008 ozone NAAQS but deny the other factual allegations in Paragraph 4 as stated. *Final Rule*, 77 Fed. Reg. 30,088, at 30,092 (May 21, 2012) (effective July 20, 2012).

5. The allegations in Paragraph 5 characterize unspecified provisions of the Clean Air Act, which speak for themselves and are the best evidence of their contents.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7, except to the extent that those allegations suggest EPA has an obligation to ultimately approve the 2016 Ozone Plan; EPA may approve *or disapprove*, in whole or in part, the 2016 Ozone Plan. 42 U.S.C. § 7410(k)(3).

8. Defendants admit that EPA has not approved or disapproved, in whole or in part, the 2016 Ozone Plan.

## JURISDICTION

9. The allegations in Paragraph 9 constitute conclusions of law, to which no response is required.

10. The allegations in Paragraph 10 constitute conclusions of law, to which no response is required.

11. Defendants admit that Plaintiff provided EPA with written notice of intent to sue, and that more than 60 days have elapsed since Plaintiff gave such notice. The allegations in the third sentence of Paragraph 11 constitute conclusions of law, to which no response is required.

## VENUE

12. Defendants admit that EPA's Region IX office is located in San Francisco, CA. The other allegations in Paragraph 12 are conclusions of law to which no response is required.

## INTRADISTRICT ASSIGNMENT

13. The allegations in Paragraph 13 are conclusions of law, to which no response is required.

## PARTIES

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore deny the allegations.

15. The allegations in Paragraph 15 are conclusions of law, to which no response is required. To the extent the allegations in Paragraph 15 could be considered factual, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore deny the allegations.

17. The allegations in Paragraph 17 are conclusions of law, to which no response is required. To the extent the allegations in Paragraph 17 could be considered factual, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations.

18. The allegations in Paragraph 18 are conclusions of law, to which no response is required. To the extent the allegations in Paragraph 18 could be considered factual, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations.

19. The allegations in Paragraph 19 characterize unspecified provisions of the Clean Air Act, which speak for themselves and are the best evidence of their contents.

20. The allegations in the first sentence in Paragraph 20 constitute Plaintiff's characterization of this action, to which no response is required. The allegations in the second sentence of Paragraph 20 are conclusions of law, to which no response is required.

21. The allegations in the first sentence in Paragraph 21 constitute Plaintiff's characterization of this action, to which no response is required. The first 13 words of the second sentence in Paragraph 21 state conclusions of law, to which no response is required. Defendants admit that EPA Region IX includes California and thus the San Joaquin Valley.

22. The allegations in Paragraph 22 characterize 42 U.S.C. §§ 7401–7515, generally, and §§ 7410(a)(1), (a)(2)(A), and 7502(c)(6), specifically. These provisions of the Clean Air Act speak for themselves and are the best evidence of their contents.

23. The allegations in Paragraph 23 characterize 42 U.S.C. §§ 7410(k)(1)(B) and (C), which speak for themselves and are the best evidence of their contents.

24. The allegations in Paragraph 24 characterize 42 U.S.C. § 7410(k)(2), which speaks for itself and is the best evidence of its contents.

25. The allegations in Paragraph 25 characterize 42 U.S.C. §§ 7509(a),(b), and 7410(c), which speak for themselves and are the best evidence of their contents.

26. The allegations in Paragraph 26 characterize 42 U.S.C. §§ 7413, and 7604(a) and (f), which speak for themselves and are the best evidence of their contents.

27. The allegations in Paragraph 27 characterize 42 U.S.C. §§ 7604(a)(2), which speaks for itself and is the best evidence of its contents.

## FACTUAL BACKGROUND

28. Defendants admit that "ground-level ozone, $O_3$, is a gas that is formed by the reaction of volatile organic compounds (VOCs) and oxides of nitrogen ($NO_X$) in the atmosphere in the presence of sunlight." *Final Rule*, 77 Fed. Reg. 30088, 30089 (May 21, 2012). Defendants

admit that VOCs and $NO_x$ are emitted by natural and man-made sources, "including power plants and industrial emissions sources, on-road and off-road motor vehicles and engines." *Id.* Defendants admit that ozone exposure at certain levels has been associated with effects on human health and vegetation, but denies the overgeneralized allegations set forth in Paragraph 28.

29. Defendants admit that "exposure to [ozone] at ambient concentrations found in many areas of the U.S. has been known to cause detrimental effects in plants," but denies the overgeneralized allegations set forth in Paragraph 29. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, INTEGRATED SCIENCE ASSESSMENT FOR OZONE AND RELATED PHOTOCHEMICAL OXIDANTS 9-118 (2013).

30. Defendants admit that epidemiological evidence has shown that ozone concentration are "consistently associated with increases in respiratory symptoms and asthma medication use in children with asthma, respiratory-related hospital admissions, and [emergency room] visits for . . . asthma." *Id.* at 1-6. Defendants admit that "[t]he populations and lifestages identified as having adequate evidence for being at increased risk of [ozone]-related health effects" include "individuals with asthma, younger and older age groups . . . , [and] outdoor workers." *Id.* Defendants otherwise deny the overgeneralized allegations in Paragraph 30 as stated.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. The allegations in the first sentence of Paragraph 33 characterize *Sierra Cub v. EPA*, 671 F.3d 955, 958, 968 (9th Cir. 2012), which speaks for itself and is the best evidence of its contents. Defendants admit that EPA determined in 2016 that the San Joaquin Valley attained the 1-hour ozone NAAQS.

34. Defendants admit the allegations in the first sentence of Paragraph 34. Defendants admit the allegations in the second sentence of Paragraph 34, except that EPA's final rule reclassifying the San Joaquin Valley as an extreme nonattainment area was published 75 Fed. Reg. 24,409 (May 5, 2010), not 74 Fed. Reg. 43,654 (Aug. 27, 2009).

35. Defendants admit the allegations set forth in the first sentence of Paragraph 35. The second sentence of Paragraph 35 characterizes *Committee for a Better Arvin v. EPA*, 786 F.3d 1169 (9th Cir. 2015), which speaks for itself and is the best evidence of its contents.

36. The allegations set forth in Paragraph 36 characterize the 2008 ozone NAAQS, *Final Rule*, 73 Fed. Reg 16,436 (Mar. 27, 2008), which speaks for itself and is the best evidence of its contents.

37. Defendants admit that in 2015, EPA revoked the 1997 ozone NAAQS and established anti-backsliding requirements for areas (including the San Joaquin Valley) that were designated nonattainment for the revoked NAAQS. The remainder of the allegations in Paragraph 37 characterize the anti-backsliding provision set forth in 40 C.F.R. § 51.1105(a)(1), which speaks for itself and is the best evidence of its contents.

38. Defendants admit the allegations in Paragraph 38.

## FIRST CLAIM FOR RELIEF

39. Defendants restate their responses to Paragraphs 1–38 above.

40. Defendants admit the allegations in Paragraph 40.

41. Defendants admit the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit that on December 19, 2016, EPA notified the California Air Resources Board of its finding that the 2016 Ozone Plan was complete.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants admit that EPA has not approved or disapproved, in whole or in part, the 2016 Ozone Plan within the timeframe provided under 42 U.S.C. § 7401(k)(2). All other allegations set forth in Paragraph 45 are conclusions of law, to which no response is required.

46. The allegations set forth in Paragraph 46 are conclusions of law, to which no response is required.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' complaint consist of Plaintiff's request for relief, which does not require a response.

## GENERAL DENIAL

Defendants deny each and every allegation of the amended complaint not specifically admitted in its responses to the Complaint's specific Paragraphs, set forth above. To the extent that any allegations of fact in the amended complaint remain unanswered, Defendant's deny such allegations.

Date: May 4, 2018

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division


s/ Andrew S. Coghlan
ANDREW S. COGHLAN (CA Bar No. 313332)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C. 20004
Tel: (202) 514-9275
Andrew.Coghlan@usdoj.gov

*Attorneys for Defendants*

Of counsel:

Kaytrue Ting
Office of General Counsel
U.S. Environmental Protection Agency