# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASSOCIATION OF IRRITATED RESIDENTS,**<br>    Plaintiff**,**<br>    vs.<br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL.,**<br>    Defendants**.** | CASE NO. 18-cv-01604-YGR<br><br>**ORDER GRANTING IN PART MOTIONS FOR SUMMARY JUDGMENT; DENYING MOTION TO STAY**<br><br>Re: Dkt. Nos. 28, 31, 33 |

Plaintiff Association of Irritated Residents ("AIR") brings this action to compel defendants United States Environmental Protection Agency, *et al*. ("EPA") to approve or disapprove, in whole or in part the 2016 Plan for the 2008 8-hour Ozone Standard adopted by the San Joaquin Valley Air Pollution Control District in June 2016 ("2016 Ozone Plan") as required by Section 7410(k) of the Clean Air Act. 42 U.S.C. §§ 7410(k)(2), (k)(3). (*See* Dkt. No. 1, ("Compl.") ¶¶ 24, 40-45.) Now before the Court are parties' cross motions for summary judgment. (Dkt. No. 28 ("AIR's MSJ"); Dkt. No. 33 ("EPA's Cross MSJ").) Additionally, on May 4, 2018, EPA filed a motion to stay the instant action pending the resolution of two petitions for rehearing in *South Coast Air Quality Management District v. Environmental Protection Agency*, 882 F.3d 1138 (D.C. Cir. 2018).[1] (Dkt. No. 31 ("Stay Motion").)

---

[1] The Court has reviewed the papers submitted by the parties in connection with parties' cross motions for summary judgment as well as EPA's motion to stay the above-captioned case. The Court has determined that the motions are appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for July 31, 2018 **VACATED**.

## I. BACKGROUND

AIR moves for summary judgment on all claims and requests an order declaring that EPA has failed to act on the 2016 Ozone Plan and issuing an injunction requiring EPA to issue a final rule as to the plan no later than December 19, 2018. (AIR MSJ at 1.) EPA concedes that it has failed to fulfill this statutory duty and submits that it can act on nine of Plan's thirteen components by December 19, 2018. (EPA Cross MSJ at 1.) However, with respect to the remaining four components, EPA files a cross motion for summary judgment requesting that the deadline be extended, at a minimum, to March 19, 2019. (*Id.*) The EPA argues that because the D.C. Circuit's ruling in *South Coast Air* casts doubt on the selection of baseline year underlying the four remaining components, it needs more time to determine whether that doubt mandates disapproval. (*Id.*)

Having carefully considered the papers and exhibits submitted, and for the reasons set out more fully below, the Court **GRANTS IN PART** the parties' cross motions for summary judgment and **ORDERS** EPA to act, in accordance with 42 U.S.C. § 7410(k), on the submission of the 2016 Ozone Plan, as it applies to non-baseline-year-dependent components, by no later than **December 19, 2018** and on the submission of the 2016 Ozone Plan, as it applies to baseline-year-dependent components, by no later than **January 31, 2019**. The Court also **DENIES** EPA's motion to stay the instant action.

## II. MOTIONS FOR SUMMARY JUDGMENT

In fashioning a remedy for an agency's failure to comply with its statutorily mandated duties, a district court should compel the agency to correct any statutory violations as quickly as possible, but not so quickly that the court's order calls on the agency to "to do an impossibility." *See Natural Res. Def. Council v. Train*, 510 F.2d 692, 713 (D.C. Cir. 1975). The D.C. Circuit has recognized two categories of circumstances that might delay agency action so as to render compliance with a particular deadline infeasible: (1) budgetary and manpower constraints; and (2) the need for an agency to have more time to sufficiently evaluate complex technical issues. *See id.* at 712-713; *see also Sierra Club v. McCarthy*, 2016 WL 1055120, at *3 (N.D. Cal. March 15, 2016).

Here, the EPA has requested three additional months to complete its final review of the 2016 Ozone Plan's four baseline-year-dependent components based on the legal complexities raised by the interaction between Plan's choice of 2012 as the baseline year and the D.C. Circuit's recent ruling in *South Coast Air*, which suggested that the court may vacate the provision of the EPA rule that authorized the use of baseline years other than 2011. (*See* EPA Cross MSJ at 9-10.) Specifically, EPA argues that it requires an extension, in light of the *South Coast Air* decision, to develop "alternative options for approval or disapproval" of the four components, including "legal, technical, and policy rationales." Apparently, EPA believes that each of the of the following four reasons justifies a 3-week delay per issue: (i) the need to develop "alternative options for approval or disapproval" of the four components in light of *South Coast Air* (ii) additional review of those options due to the novel and complex legal questions raised by the *South Coast Air* decision; (iii) the likelihood that the EPA will receive significant public comments on the selected proposal as the public weighs in on the impact of *South Coast Air*; and (iv) the anticipated additional review by the Assistant Administrator for the Office of Air Radiation of the draft notices of proposed and final rulemaking on these components. (Dkt. No. 33-2, Declaration of Elizabeth Adams ("Adams Decl.") ¶¶ 31-34; *see also* EPA Cross MSJ at 9.)

As a threshold issue, the Court agrees that nothing in the D.C. Circuit's reasoning in *Train* suggests that "complex technical" matters must be of a scientific or technological nature to warrant additional time for deliberation. *See Train*, 510 F.2d at 713 (noting that "[f]lexibility rather than rigidity has distinguished equity jurisprudence") (internal quotations omitted). (*See also* Dkt. No. 38 ("EPA Cross MSJ Reply") at 2.) Thus, it is logical that an agency may need more time to evaluate complex legal issues sufficiently, which may give rise to reasonable delay. *Id.* at 712-713. However, the Court finds unreasonable EPA's request for nearly thirteen additional weeks. Three of the four reasons EPA provides in support of its request, the need to develop alternative options, to review those options and draft notices of proposed and final rulemaking, and for the Assistant Administrator to conduct an additional review of those notices, all focus on the same issue of whether *South Coast Air* mandates disapproval of the four baseline-year-dependent components. Although the Court agrees that determining the impact of *South*

3

1  *Coast Air* may take some additional time, EPA's requested extension to reach this determination is
2  excessive, especially where they have been on notice of this decision for a substantial period
3  already and are already evaluating the issue in other contexts. Accordingly, the Court finds that, at
4  most, an additional extension of six weeks is appropriate, i.e. three weeks to determine the impact
5  of *South Coast Air* and three weeks to address the additional comments from the public.

For the reasons stated above, the Court **GRANTS IN PART** parties cross motions for summary judgment and **ORDERS** the EPA to issue its final rule as to the four baseline-year-dependent components of the 2016 Ozone Plan no later than **January 31, 2019**.

### III. MOTION TO STAY

A stay pending the resolution of another case is appropriate only in "rare circumstances." *Landis v. North American Company*, 299 U.S. 248, 255 (1936). In contemplating a stay, a court should weigh (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer as a result of denial of a stay; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 365, 268 (9th Cir. 1962); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

EPA points to "substantial risks of needless hardship, namely, the strong possibility of wasted government resources" as grounds for its motion to stay. (Stay Motion at 7.) Specifically, EPA asserts that if the Court does not stay the instant case, the EPA will be forced to act regarding the 2016 Ozone Plan "without knowing the law governing" certain provisions of the Plan. (*Id.*) The EPA argues that if it approves the Plan, that decision would be subject to judicial review and could be vulnerable to legal challenge in the event that the D.C. Circuit denies the petition for rehearing currently pending in *South Coast Air*. (*Id.*) EPA also asserts that if it disapproves the 2016 Ozone Plan, the San Joaquin Valley District will need to engage substantial resources to develop a revised plan, which could "be for naught if, on rehearing, the D.C. Circuit reverses course and upholds the use of a 2012 baseline year." (*Id.* at 7-8.)

However, EPA has failed to demonstrate sufficient hardship to warrant a stay of the instant case. As an initial matter, the Court notes that the pending petition for rehearing in *South Coast*

4

*Air* impacts only the four baseline-year-dependent components of the 2016 Ozone Plan. Therefore, EPA's arguments regarding wasted resources apply only to a small portion of the Plan. *See* 42 U.S.C. § 7410(k)(3) (allowing for partial approval and partial disapproval of a proposed plan). Pursuant to this Order, EPA has until January 31, 2019 to determine whether to approve the baseline-year-dependent portion of the Plan, thereby allowing an additional six months during which the D.C. Circuit could make a decision on the pending petition.[2] Further, in the event that the D.C. Circuit does not resolve the pending issues within six months and so EPA disapproves of the baseline-year-dependent portion of the 2016 Ozone Plan, the underlying statute, the Clean Air Act ("CAA"), creates an 18-month period from the date of disapproval for the submission to the EPA of a revision. *See* 42 U.S.C. §§ 7509(a), (b).

Additionally, to grant a stay in this case would undermine the statutory timetable articulated by the CAA, interfere with AIR's capacity to enforce provisions of the 2016 Ozone Plan, and undercut the public interest in enforcement of the CAA. Accordingly, EPA has not established that the instant case is one of the "rare circumstances" in which "a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. 248 at 255; *see also Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cit. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

For the reasons stated above, the Court **DENIES** EPA's motion to stay the instant case.

**IV.    CONCLUSION**

Accordingly, for the reasons discussed above, the Court **ORDERS** as follows:

1. AIR's motion for summary judgment is **GRANTED IN PART** and EPA is **ORDERED** to act, in accordance with 42 U.S.C. § 7410(k), on the submission of the 2016 Ozone Plan, as it applies to non-baseline-year-dependent components, by no later than **December 19, 2018**.

---

[2] EPA asserted that the legal uncertainty created by *South Coast Air* and the petitions currently pending is "likely to be clarified in short order." (Stay Motion at 9.)

5

2. EPA's cross motion for summary judgment as to remedy is **GRANTED IN PART** and EPA is **ORDERED** to act, in accordance with 42 U.S.C. § 7410(k), on the submission of the 2016 Ozone Plan, as it applies to baseline-year-dependent components, by no later than **January 31, 2019**.

3. EPA's motion to stay the instant action is **DENIED**.

This Order terminates Docket Nos. 28, 31, and 33.

**IT IS SO ORDERED.**

Dated: July 24, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**